IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-74,864-01




EX PARTE JAMES ALLEN VAUGHN, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 20,894-2009 IN THE 402ND DISTRICT COURT
FROM WOOD COUNTY




           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of arson and
sentenced to fifteen years’ imprisonment. He did not appeal his conviction.
            Applicant contends that his trial counsel rendered ineffective assistance because she failed
to investigate and failed to request a continuance. He alleges that counsel was appointed on the day
of his plea and failed to investigate or assist in his defense. He alleges that he was in the custody of
police for a public intoxication charge at the time this fire was set. He also alleges that the police
threatened him if he chose not to take the plea agreement.
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall obtain a response from Applicant’s trial counsel regarding Applicant’s claims of ineffective
assistance of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art.
11.07, § 3(d).
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings as to whether counsel investigated the facts of this case
and whether Applicant was in the custody of police at the time of this arson. The trial court shall
make findings of fact as to whether the performance of Applicant’s trial attorney was deficient and,
if so, whether counsel’s deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: November 10, 2010
Do not publish